```
            UNITED STATES DISTRICT COURT FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA


JASON BERRIOS,                     :
                                   :
            Petitioner             :   No. 4:CV-06-1662
                                   :
      vs.                          :   (Petition Filed 8/24/06)
                                   :
WARDEN JONATHAN C. MINOR,          :   (Judge Muir)
                                   :
            Respondent             :
```

**ORDER**

March 23, 2007

Petitioner, Jason Berrios, an inmate currently confined in the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania ("LSC-Allenwood") filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition Berrios states that he is being "deprived of his liberty of interest due to the fact that he is confined in prison for the duration of his sentence and not a CCC [Community Corrections Center]" in accordance with Woodall vs. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). (Doc. No. 1, petition at p. 2). For relief, Berrios requests "to be moved to a community correctional center/home confinement placement for the remainder of [his] sentence." (Doc. No. 1 at p. 3). A

response and traverse having been filed, the petition is ripe for disposition. For the reasons that follow, the petition will be denied.

**Background**

On February 16, 2005, in the United States District Court for the District of New Jersey, Berrios was sentenced to a 34 month term of imprisonment, followed by a four year term of supervision, for conspiracy to kidnap, a violation of 18 U.S.C. § 1201(a)(1). (Doc. No. 8, Ex. 1, Declaration of Case Manager Mara Hause, at ¶ 7 and Attach. D). Berrios is currently scheduled to be released from custody on July 9, 2007, via Good Conduct Time release. Id., Attach. A at 6.

At the time he filed the instant petition, the BOP had determined Berrios eligible for a 112 day placement in a CCC. (Doc. No. 8, Ex. 1, ¶ 5).

Berrios argues that he is eligible for immediate transfer to a CCC and that by his calculation, he should have been transferred to a CCC for 180 days, beginning on January 7, 2007. (Doc. No. 9, traverse at p. ¶ 5). Berrios' claim rests upon the assertion that under the applicable statutory provision he has a right to CCC placement when he has only six months

remaining on his prison term.

**Discussion**

The controlling statute for placement of an inmate in pre-release custody near the end of sentence is 18 U.S.C. § 3624(c), which in pertinent part provides:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided in this subsection may be used to place a prisoner in home confinement.

The customary practice of the BOP was to consider prisoners for placement in a CCC for as much as the last six months of their sentences, even if this occurred before the prisoner had served 10% of his sentence ("Six Month Rule"). However, on December 20, 2002, the BOP replaced the Six-Month Rule with a rule which provided that, under §3624(c), CCC residence must be limited to the lesser of ten percent of a prisoner's sentence or six months ("10% Rule"). The 10% Rule was implemented by the BOP following a December 13, 2002 Memorandum Opinion issued by the Office of Legal Counsel of the United

3

States Department of Justice ("OLC Memorandum"), which concluded that the Six-Month Rule was improper under the plain language of § 3624(c). (Doc. No. 12, Ex. B).  The OLC Memorandum stated that "[t]he authority conferred under Section 3624(c) to transfer a prisoner to a non-prison site is clearly limited to a period 'not to exceed six months, of the last 10 per centum of the time to be served,'18 U.S.C. § 1324, and we see no basis for disregarding this time limitation." Id.

In Woodall vs. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir.2005), the Third Circuit Court of Appeals found that the BOP's regulations regarding placement in a halfway house or CCC, specifically, 28 C.F.R. §§ 570.20 and 570.21 were invalid because they did not take into account all of the necessary factors set forth in 18 U.S.C. § 3621 which Congress required the BOP to consider in promulgating those regulations.  As a result, BOP staff are now required to fully consider the following factors set forth in 18 U.S.C. § 3621(b)[1]: (1) the

---

[1] Title 18 U.S.C. § 3621(b) provides that:
The [BOP] shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau.... The Bureau may at any time ... direct the transfer of a prisoner from one penal or

4

resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (A)concerning the purposes for which the sentence to imprisonment was determined to be warranted or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to § 994(a)(2) of Title 28. Id. at ¶ 13; 18 U.S.C. § 3621(b).  In addition, the BOP is to consider other appropriate factors routinely used in these decisions, such as correctional and population management interests (length of sentence, seriousness of current offense, criminal history, institution conduct, programming needs of the inmate, availability of facilities, public safety, threat to the community, community ties, release residence, employment and education history, and economic resources). Id. at ¶ 14.

     Despite the 2002 change in the interpretation of 18 U.S.C. § 3624(c) rendered by the Office of Legal Counsel, and the BOP's now invalidated regulation concerning CCC placement,

---

    correctional facility to another.

28 C.F.R. § 570.21, the criteria for placement in a CCC, as listed in Program Statement 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedure</u>, remains the same.

As set forth in the declaration of Mara Hause, Case Manager, LSCI-Allenwood, the decision in Berrios' case was based on the criteria listed in Program Statement 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedure</u>.(Doc. No. 8, Ex. 1, Att. C)

Section 1 of Program Statement 7310.04, which subsumes the requirements of 18 U.S.C. § 3621(b), addresses the purpose of a CCC and provides that "CCCs provide an excellent transitional environment for inmates nearing the end of their sentences. The level of structure and supervision assures accountability and program opportunities in employment counseling and placement, substance abuse, and daily life skills .... Participating in community-based transitional services may reduce the likelihood of an inmate with limited resources from recidivating, whereas an inmate who is released directly from the institution to the community may return to a criminal lifestyle." <u>Id</u>. at 3. Section 9 notes the factors to be weighed

6

in making a determination as to the length of CCC placement, and includes an inmate's individual needs, and notes that the shorter a sentence, the less transitional need on the part of the inmate for CCC placement. The goal is to maximize the chances for successful release.

Berrios' Unit Team reviewed Berrios on March 12, 2006 and May 30, 2006. (Doc. No. 8, Ex. 1, Atts. A & B).  At the March meeting, Berrios was told that the Unit Team had recommended him for a 90-120 day placement in a CCC. Id. At the May meeting, Berrios was informed that he would be placed at a CCC in Newark, New Jersey. Id. In support of this finding, the BOP cited to factors including the following:

- On February 16, 2005, Berrios was sentenced to serve 34 months of imprisonment for the crime of conspiracy to kidnap, a violation of 18 U.S.C. § 120(a)(1). The judge recommended that Berrios receive credit for time served and that Berrios participate in the BOP's Financially Responsibility Program. The court made no recommendation regarding halfway house placement or home confinement.

- Berrios graduated from Passaic High School in New Jersey and briefly attended Essex County College and studied engineering. Berrios dropped out of college because he was more focused on

7

>           the jobs he was holding at the time.
> 
> - Berrios' employment history shows that he has experience with general automotive repair and automotive electronics. From 1996 until his arrest for the offense of convictions (sic), Berrios owned and operated his own business, "J.B. Audio and Security." The business involved the sale, repair, and installation of automotive audio and security devices.
> 
> - Berrios' community and family ties have remained intact. He reports that he intends to live with his parents, Frank and Gloria Berrios, in Passaic, New Jersey.
> 
> - Over the past six months, Berrios has received $1605.03 in his Inmate Trust Fund account. Thus, it appears that he has some sources of financial support in the community.
> 
> - Based on the above considerations, the recommendation of 90-120 days of transitional services was appropriate for Berrios' individual case.

(Doc. No. 8, Ex. 1). At some time after the Unit Team's May meeting, the Newark CCC responded, by accepting Berrios for a 112 day placement. Id.

The reasons for the Unit Team's recommendation are neither irrational nor arbitrary. Consideration has been given in accordance with the factors set forth in Program Statement

8

7310.04 and, as such, it is not for the Court to engage in second-guessing the BOP's decision with regard to Berrios' CCC placement.

To the extent that Berrios is displeased with the 112 day placement, one of the factors set forth in 18 U.S.C. § 3621(b), to be considered by the BOP, is the resources and availability of the facility contemplated. Thus, the 112 day accommodation allowed by the Newark CCC does not render the BOP's review contrary to the dictates of 18 U.S.C. § 3621 and, or Woodall. This applies equally to Berrios' argument that the Unit Team did not consider his hardship argument that "[his] father is seriously ill and his medical condition is rapidly deteriorating and for this reason [he] is in need of a maximum period of a halfway house."[2] (Doc. No. 9, traverse). Once again, just because the Unit Team did not change their recommendation based on Berrios' "hardship", does not mean their decision runs afoul of the rules set out in Woodall. Moreover, it is well-settled that a prisoner has no justifiable expectation that he

---

[2] Berrios states that this issue was brought to the Unit Teams' attention as an additional factor, but "the Unit Team stated that poor health in the family is not a valid factor when making such determination." (Doc. No. 9, traverse, Ex. A, affidavit).

will be incarcerated in a particular prison or facility. Olim vs. Wakinekona, 461 U.S. 238 (1983).  With respect to federal prisoners, the BOP has the power, pursuant to 18 U.S.C. § 3621(b),"to designate the place of confinement for purposes of serving" sentences of imprisonment.  Barden vs. Keohane, 921 F.2d 476 (3d Cir. 1991).  Thus, based on the foregoing, the BOP does not have a duty immediately to transfer Berrios to a CCC.

**IT IS HEREBY ORDERED THAT:**

> 1. The petition for writ of habeas corpus (Doc. No. 1) is **DENIED**.
>
> 2. The Clerk of Court is directed to **CLOSE** this case.

                          s/Malcolm Muir
                          MUIR
                          United States District Judge